UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JERRY LYNN GILMORE, JR.                                          PETITIONER

VERSUS                                    CIVIL ACTION NO. 2:18CV67-KS-RHW

STATE OF MISSISSIPPI                                             RESPONDENT

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Before the undersigned is Jerry Lynn Gilmore, Jr.'s petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. [1]. On April 2, 2009, Gilmore pleaded guilty in Jones County Circuit Court to the charge of selling cocaine. Doc. [13-2] & [13-3]. The trial court sentenced Gilmore to serve a 30-year sentence, with 15 years served in custody of the Mississippi Department of Corrections and 15 years suspended upon successful completion of five years post-release supervision and the Circuit Court Community Service Program. Doc. [13-4]. Gilmore filed a motion for post-conviction collateral relief on either March 25, 2016, or April 14, 2016. Doc. [13-5]. The Jones County Circuit Court denied the motion on May 6, 2016, because it was untimely under Miss. Code Ann. § 99-39-5. Doc. [13-6]. On June 3, 2016, Gilmore filed a motion for out of time appeal, which the Jones County Circuit Court also denied. Doc. [13-7].

Petitioner filed the instant § 2254 petition on April 16, 2018, challenging the underlying conviction and sentence. Respondent filed a motion to dismiss on August 13, 2018, asserting that Gilmore did not file his § 2254 petition within one year of his conviction and sentence becoming final. Accordingly, Respondent argues the petition is untimely pursuant to the AEDPA's one-year limitation period. Doc. [13]. Respondent argues in the alternative that

Gilmore did not exhaust state court remedies. *Id.* Gilmore has not filed a response in opposition to the motion to dismiss.

## LAW AND ANALYSIS

28 U.S.C. § 2244 of the AEDPA provides, in relevant part, that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the trial court entered a sentencing order dated April 2, 2009, with a file stamp date of April 3, 2009. Doc. [13-4]. Under applicable Mississippi law, there is no direct appeal from a guilty plea. Miss. Code Ann. § 99-35-101. Accordingly, for purposes of calculating the AEDPA's one-year limitation period, Gilmore's conviction and sentence became final on April 3, 2009. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Absent tolling, Gilmore's § 2254 petition would need to be filed by April 3, 2010, to be timely. Gilmore did not file an application for post-

conviction relief in state court until March or April of 2016.  *See* Doc. [13-5].  Thus, his untimely state petition does not operate to toll the AEDPA's one-year limitation period.  There is no record of any earlier filed state petition.

Gilmore filed the instant federal habeas petition on April 16, 2018, approximately eight years beyond the deadline for filing a timely §2254 petition.  Gilmore has not filed a response in opposition to Respondent's motion to dismiss.  Thus, he does not dispute the time line as presented in Respondent's motion.  Likewise, in his § 2254 petition, Gilmore does not argue that his petition is timely.  He merely argues that Miss. Code Ann. § 99-35-5 "permits filing after bar if sentence is expired".  Doc. [1] at 16.  Gilmore cites to a provision of state law that has no bearing on the federal AEDPA's definition of timeliness.  Gilmore also argues that pursuant to the 14th Amendment, there is no time bar on an illegal conviction.  *Id.*  Again, Gilmore apparently concedes that his petition is untimely but argues unconvincingly that an illegal conviction should never be barred by the AEDPA's one-year limitation.  Accordingly, unless Gilmore identifies some exception to the limitation period, his petition is time-barred and should be dismissed with prejudice.

The Supreme Court has recognized that, in appropriate cases, the limitations period may be equitably tolled.  *Holland v. Florida*, 130 S.Ct. 2549, 2560-62 (2010).  A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.  *Id.* at 2562.  Gilmore fails to allege or argue any extraordinary circumstance that would justify equitable tolling.  *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).  He does not allege or argue that he pursued his rights diligently or that some extraordinary circumstance prevented him from timely filing the petition.

**RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Respondent's [13] Motion to Dismiss be GRANTED and that Jerry Lynn Gilmore, Jr.'s 28 U.S.C. § 2254 petition for writ of habeas corpus be dismissed with prejudice.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 30th day of October, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE